IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MIGUEL FRANCISCO-FRANCISCO,

Petitioner,

vs.

MARKWAYNE MULLIN, in his
official Capacity as Secretary of the
Department of Homeland Security, et
al.,

Respondents.

8:26-CV-279

ORDER TO SHOW CAUSE

The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1.    The Clerk of the Court shall, before docketing this order, add D. Mark Collins of the Nebraska Attorney General's Office as counsel for Rob Jeffreys, Director Of Nebraska Department of Correctional Services, and add Assistant U.S.

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the other respondents, and shall after doing so regenerate the filing for the petition.

2. The respondents shall, on or before **June 22, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3. The respondents' answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

   b. Such affidavits and exhibits as are necessary to establish the circumstances of the petitioner's initial contact with U.S. immigration officials, the basis for and conditions of his release from custody, if any, and a procedural history of his immigration and release status from the time of his initial encounter with U.S. immigration officials to the present;

   c. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

   d. The government's position on whether an evidentiary hearing should be conducted; and

    e. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

4. The petitioner may reply in support of the petition on or before June 25, 2026.

5. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

6. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 16th day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge