IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MIGUEL FRANCISCO-FRANCISCO,

Petitioner,

vs.

MARKWAYNE MULLIN, in his official Capacity as Secretary of the Department of Homeland Security, et al.,

Respondents.

8:26-CV-279

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court will conditionally grant the petition.

The petitioner is a native of Guatemala. Filing 11 at 3. He arrived in the United States near El Paso, Texas on March 9, 2019 and was taken into custody as an unaccompanied minor child (UAC). Filing 11 at 3. He was served with a notice to appear and placed in removal proceedings, with a court date of "a date to be set." Filing 11 at 3-4; filing 1-2 at 11. Later the same day, he was released into his father's custody in Omaha, Nebraska. Filing 11 at 4; *see also* filing 1 at 2. The 2019 notice to appear was canceled in 2021 for failure to prosecute. Filing 11 at 4. The petitioner filed an asylum claim on October 16, 2022 (his 20th birthday). Filing 11 at 4; *see also* filing 1-2 at 1.

On March 23, 2026, the petitioner was taken back into custody and served with a new notice to appear. Filing 11 at 4; filing 11-1. USCIS determined that the petitioner didn't qualify for asylum under the Trafficking Victims Reauthorization Protection Act and referred his asylum claim to

immigration court. Filing 11 at 4. The petitioner requested a custody redetermination but the immigration judge denied it, finding that the petitioner wasn't entitled to a bond hearing pursuant to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Filing 1-1.

The Court disagrees. As this Court has previously explained,

It's true that the petitioner is no longer a "UAC," and is not covered by the particular procedural protections that apply to that group of noncitizens. *See* 6 U.S.C. § 279(g)(2); 8 C.F.R. § 236.3(d)(2). However, when ICE released the petitioner, that release was not conditioned on him remaining a child. *See* filing 1-1 at 4. While the petitioner was not released "on his own recognizance," *see* § 279(b)(2)(B), the circumstances are analogous, and the petitioner was effectively subject to conditional parole.

*Ixquiactap-Ajpacaja v. Mullin*, No. 4:26-CV-3143, 2026 WL 1295702, at *1 (D. Neb. May 12, 2026). Accordingly, the petitioner has a due process right to a post-deprivation opportunity to challenge his detention. *Id*. at *1 (citing *Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026)).

IT IS ORDERED:

1.   The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2.    The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before July 22, 2026**.

3.    The petitioner and his counsel shall be told about the hearing in advance, and the petitioner shall have the opportunity to be represented by counsel and offer evidence to support reasons for his release.

4.    If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

5.    **On or before July 27, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 15th day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3